**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PAUL E. TORREY, II

    Petitioner,

v.                                                                            Case No: 8:13-cv-2403-36AEP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition and Respondent's response (Dkt. #7). Upon review, the Court concludes that the petition is without merit in part and procedurally barred in part, and should therefore be denied.

**BACKGROUND**

Petitioner Paul E. Torrey, II ("Torrey") was charged in state court with Driving While Under the Influence – Manslaughter (Count I), Driving While Under the Influence – Serious Bodily Injury (Count II) and Violation of Driver's License Restriction (Count III). Before proceeding to trial, Torrey filed a motion to dismiss the charges on the basis that the investigating officers intentionally did not collect or lost evidence that may have

supported his theories of defense: (a) Torrey was not the driver, but the passenger, of the van, and, alternatively, (b) even if Torrey were the driver, the accident was caused by the victim's failure to operate his motorcycle with its headlight on. After holding a hearing on the issue and making a factual finding that the officers did not act in bad faith in the collection, preservation, or testing of evidence, the trial court denied Torrey's motion.

At trial, Torrey moved for a judgment of acquittal, arguing that the prosecution had only introduced circumstantial evidence to prove Torrey was driving the van and had failed to exclude Torrey's reasonable hypothesis of innocence that he was the van's passenger. The trial court denied the motion as to Counts I and II, but granted it as to Count III. Ultimately, a jury found Torrey guilty of Counts I and II. The trial court sentenced Torrey to fifteen years in prison on Count I and to three years in prison on Count II, consecutive to the sentence on Count I.

Torrey appealed, raising a single issue: whether the trial court erred in denying his motions to dismiss and for judgment of acquittal (as it related to Counts I and II). On October 14, 2011, the Florida Second District Court of Appeal per curiam affirmed Torrey's convictions and sentences. *See Torrey v. Florida*, 73 So. 3d 770 (Fla. 2d DCA 2011) (table).

Subsequently, Torrey filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, in which he made the following allegations:

1. reversible error occurred when the prosecutor expressed feelings and belief concerning Torrey's guilt; and

2. the trial court committed fundamental error when it instructed the jury to make the statutory presumption of impairment.

The state postconviction court concluded that Torrey's claims were procedurally barred and summarily denied his motion. Torrey appealed, and on August 21, 2013, the state appellate court per curiam affirmed. *See Torrey v. Florida*, 144 So. 3d 547 (Fla. 2d DCA 2013) (table). The mandate issued on September 20, 2013.

Torrey timely filed the instant petition for habeas corpus relief, raising the following grounds:

1. Torrey's constitutional due process rights were violated when the trial court denied his motions to dismiss and for judgment of acquittal because law enforcement had improperly collected evidence from the crime scene;
2. Torrey's Fifth and Fourteenth Amendment rights were violated when the prosecution expressed feelings and belief of Torrey's guilt during closing arguments; and
3. Torrey's Sixth and Fourteenth Amendment due process rights were violated where the lower court instructed the jury to make the statutory presumption of impairment.

## GUIDING PRINCIPLES

### I. Federal Question

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) (superseded by statute on other grounds). Rather, "[f]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Velazquez v. Sec'y, Dep't of Corr.*, No. 8:10-cv-2253-T-33EAJ, 2011 WL 3794693, at *1 (M.D. Fla. Aug. 26, 2011) (citing *Wainwright v. Goode*, 464 U.S. 78 (1983)). "Even when a petition which actually involves state law issues is 'couched in terms of equal protection and due process,' this limitation on federal habeas corpus review is of equal force." *Id.* (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

## II. Exhaustion of Remedies

"A petitioner cannot bring a federal habeas claim without first exhausting state remedies." *Holland v. Florida*, 560 U.S. 631, 648 (2010); *see also* 28 U.S.C. § 2254(b)(1)(A). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(c). Because state courts are obliged to enforce federal law, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction

violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

"In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a [Florida Rule of Criminal Procedure] 3.850 motion, and an appeal from its denial." *Williams v. McNeil*, No. 08-80831-Civ., 2010 WL 2634403, at *4 (S.D. Fla. June 9, 2010). Though exhaustion of state remedies requires that a petitioner invoke appellate review, it does not require extraordinary procedures. *Boerckel,* 526 U.S. at 844; 28 U.S.C. § 2254. A habeas petitioner seeking review of a Florida conviction is not required to seek discretionary review by the Florida Supreme Court to establish that he satisfied the exhaustion requirement. *See Tucker v. Dep't of Corr.*, 301 F.3d 1281, 1283-84 (11th Cir. 2002).

### III. AEDPA Bar to Relitigation

Where a state court has already adjudicated the issues raised in the petition on the merits, § 2254(d) bars relitigation, subject only to the exceptions outlined in § 2254(d)(1) and (d)(2). *Harrington v. Richter*, 562 U.S. 86, 98 (2011). A federal court may only grant relief if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see also Richter*, 562 U.S. at 98. "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the

benefit of the doubt." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted).

## DISCUSSION

### I. Ground One

In his first ground for relief, Torrey contends that his constitutional due process rights were violated when the trial court denied his motions to dismiss and for judgment of acquittal. He intimates that these errors constitute due process violations because law enforcement destroyed or failed to preserve potentially exculpatory evidence.

In particular, Torrey argues that law enforcement should have collected the clothing of the other person in the vehicle with him at the time of the accident and preserved both vehicles involved in the collision. The blood splatter on the clothing, Torrey contends, would have established that he was in the passenger seat: he asserts that his blood landed on the other individual's *right* arm, and if he had been in the driver's seat, it necessarily would have landed on the *left*. A blood splatter analysis of the vehicle's interior would have supported the same conclusion, he argues. Finally, Torrey maintains that if the motorcycle driven by the victim had been properly preserved, the headlight could have been tested to see whether it was on or off at the time of the crash.[1]

---

[1] Torrey concedes that the day after the accident, one of the investigating officers examined the headlight and could not determine whether it was on or off at the time of the accident. But Torrey argues that the officer is not an expert in headlight analysis, and he should have sent the headlight to the Florida Department of Law Enforcement for an expert determination on the matter. He believes law enforcement acted improperly by leaving the motorcycle unsecured in a tow yard because the critical pieces of evidence were stolen before a thorough examination was able to be conducted.

*A. Exhaustion of State Remedies*

The Court's review of this claim is circumscribed by the claims of constitutional error Torrey alleged when he raised this issue on direct appeal. On appeal, Torrey contended that the trial court should have granted his motions because the manner in which evidence was collected in the case violated his due process rights.

Though Torrey did not explicitly assert his belief that his federal (as opposed to state) due process rights were violated, it is clear from the cases he cited that his claim contemplated federal constitutional error. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (noting that a petitioner sufficiently raises a federal claim in state court "by citing in conjunction with the claim . . . a case deciding such a claim on federal grounds"). *See also Rochin v. California*, 342 U.S. 165, 173 (1952); *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123 (1951) *Malinski v. New York*, 324 U.S. 401, 416-17 (1945); *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1933) (all dealing with federal due process issues and cited by Torrey on direct appeal to bolster his due process claim). Because Torrey raised this claim of constitutional error on direct appeal, the Court concludes that Torrey has exhausted his state remedies on Ground One.

*B. Bar to Relitigation*

When Torrey raised this claim on direct appeal, the appellate court affirmed it without comment. *See Torrey*, 73 So. 3d 770. This affirmance constitutes an adjudication on the merits for purposes of the AEDPA's bar to relitigation. *See Richter*, 562 U.S. at 98-99 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or

factual conclusion does not require that there be an explanation from the state court explaining the state court's reasoning."). Accordingly, the Court will evaluate Torrey's claim on its merits to the extent § 2254(d) allows.

Torrey opines that there was "a complete dereliction of duty on the part of the state to collect and preserve the evidence in the case," which impeded his due process rights and denied him a fair trial. The Due Process Clause of the Fourteenth Amendment protects a defendant's right "to request and obtain from the prosecution evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *California v. Trombetta*, 467 U.S. 479, 485 (1984). However, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988).

In his petition, Torrey explicitly states that this is not a *Youngblood* claim of evidence lost or destroyed by the police. He relies on *Trombetta* to illustrate the differences between his case and *Youngblood*. Notably, the *Youngblood* court evaluated the petitioner's due process claim in light of the conclusion reached in *Trombetta*. See *Youngblood*, 488 U.S. at 56-58. Though Torrey attempts to carve out a due process right separate than the one identified in *Youngblood*, the difference between the due process rights that attach when law enforcement loses evidence before collection or after collection is a distinction without a difference. *See e.g. Quang Khac Tran v. Thaler*, No. 3:12-cv-0406-N-BH, 2013 WL 1787863, at *11 (N.D. Tex. April 4, 2013) (applying *Youngblood* to petitioner's due

process claim based on police failure to collect certain evidence at the crime scene), *adopted by* 2013 WL 1797916 (N.D. Tex. April 29, 2013).

Importantly, the state court made a finding of fact that law enforcement did not act in bad faith in the collection, preservation, or testing of evidence. This finding is cloaked with a presumption of truth and Torrey has not pointed to any evidence to rebut this presumption. *See* 15 U.S.C. § 2254(e) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Operating from the presumption that law enforcement did not act in bad faith, the Court concludes that the appellate court's denial of Torrey's due process claim comports with the rule pronounced in *Youngblood*.

Further, the state court's conclusion was a reasonable determination of the facts in light of the evidence presented. At no point in his state court proceedings did Torrey demonstrate that the collection and analysis of the specified evidence would have been more than potentially useful. And due process rights are not implicated where the state fails to preserve "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Youngblood*, 488 U.S. at 57. Indeed, Torrey's due process argument centers on his speculation that *if* this evidence had been tested, it *may* have proved he was not behind the driver's wheel or that the accident was caused by the victim's failure to turn on his headlight. In the absence of anything more concrete, it was reasonable for the state court to conclude that Torrey's

due process rights were not violated as a result of law enforcement's failure to preserve the evidence at issue.

Torrey has failed to meet his burden under §2254(d), and Ground One must be denied.

## II. Grounds Two and Three

In Ground Two, Torrey contends that his Fifth and Fourteenth Amendment rights were violated when the prosecution expressed feelings and belief of Torrey's guilt during closing arguments. And in Ground Three, he argues that his Sixth and Fourteenth Amendment rights were violated when the trial court instructed the jury to make the statutory presumption of his impairment while driving. The Court need not reach the merits of Grounds Two and Three because Torrey has procedurally defaulted on each of these claims.

### A. *Exhaustion of Remedies*

Torrey raised each of these claims for the first time in a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. His motion was completely devoid of any allegation of federal constitutional error or citation to a federal source of law establishing his entitlement to relief. In the instant petition, Torrey, for the first time alleges that these errors deprived him of his federal constitutional rights. Considering that Torrey did not give the state court an opportunity to act on his constitutional claims before presenting them in his habeas petition, the Court concludes that these claims are unexhausted. *See Duncan v. Harry*, 513 U.S. 364, 365 (1995) (finding petitioner's claim to be unexhausted because he "did not apprise the state court of his claim that the

evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment").

Typically, where a petitioner files a "mixed petition" in which some claims are exhausted and others are unexhausted, the petition "should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims, or amend the petition to remove any unexhausted claims." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012). But such an exercise is futile where the petitioner's unexhausted claims are barred from further review in state court. *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (advising that "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," the district court "should forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

This is the exact scenario present here. Torrey cannot take a second direct appeal from his convictions and sentences, and he is barred from raising his substantive due process claims in a postconviction motion. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Reaves v. State*, 826 So. 2d 932, 936 n. 3 (Fla. 2002) ("We deny the following claims as they either were raised or should have been raised on direct appeal and accordingly are procedurally barred: (2) allegedly improper prosecutorial comments; . . . (7) improper penalty phase jury instructions."). Because Torrey has procedurally defaulted on the issues raised in Grounds

Two and Three, and return to state court to exhaust these claims would be futile, the claims should be dismissed with prejudice.

### B. Adequate and Independent State Ground Doctrine

Further, the Court is precluded from disturbing the state postconviction court's holding that Torrey procedurally defaulted on the issues raises in Grounds Two and Three. "A federal habeas court will not review a claim rejected by a state court 'if the judgment of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (internal quotation marks and citation omitted). "The state-law ground may be . . . a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). This doctrine furthers the objective of the exhaustion requirement because without it

> habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Accordingly, absent showings of "cause" and "prejudice," habeas relief will be unavailable when (1) a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) "he state judgment rests on independent and adequate state procedural grounds.

*Id.* (internal quotation marks and citations omitted).

When the state postconviction court denied Torrey's claims, it did so on the basis that his claims were not cognizable in a motion for postconviction relief because they could have and should have been raised on direct appeal. *See Reaves v. Florida*, 826 So. 2d at 936 n.3. The Eleventh Circuit has long recognized that this procedural rule is one entitled to deference under the adequate and independent state ground doctrine. *See Sullivan v.*

*Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983) (holding that because the Florida postconviction court declined to consider a constitutional claim not raised on direct appeal, the claim was procedurally barred from habeas review absent a showing of "cause and prejudice"), *cert. denied*, 464 U.S. 922 (1983); *see also Marek v. Singletary*, 62 F.3d 1295 (11th Cir. 1995) (recognizing Florida's procedural bar on postconviction claims that should have been raised on direct appeal as a basis for the habeas court to decline review of the claim).

In the instant petition, Torrey attempts to establish cause for having procedurally defaulted on this claim in state court. In particular, he asserts that he was precluded from raising the claims on direct appeal because trial counsel did not properly preserve the issues for appellate review. Torrey's argument is unavailing. The Court recognizes that ineffective assistance of counsel may constitute cause for a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986). However, the exhaustion doctrine "requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* Because Torrey did not raise claims of ineffective assistance of counsel for failure to object to the prosecutor's comments and the specified jury instruction in state court, he cannot now use counsel's failure to preserve those issues for appellate review as cause to excuse his procedural default. *See id.* (holding that procedural default as the result of ineffective assistance of counsel does not constitute cause if the ineffective assistance claim was not first raised in state court).

It would also be futile for the Court to dismiss Torrey's claims for him to return to state court and present "cause" to excuse his defaults. Any cause allegation, in the form of an ineffective assistance of counsel claim or otherwise, is now procedurally barred by Rule 3.850's time limit. *See* Fla. R. Crim. P. 3.850(b) (imposing a two-year statute of limitations); *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990) (recognizing and applying Rule 3.850's two-year time limit).

The "cause and prejudice" test is a conjunctive one, both prongs of which must be satisfied to excuse a procedural default. *See Palmes v. Wainright*, 725 F.2d 1511, 1525-26 (11th Cir. 1984) (citing *Engle v. Isaac*, 456 U.S. 107, 129 (1982)). "Having failed to show 'cause', [Torrey] necessarily fails the conjunctive." *Id.* at 1526.

In sum, (1) Torrey procedurally defaulted on his claim by failing to exhaust his state remedies, (2) he has not and cannot establish cause for this procedural default, and (3) the state court's denial of the instant claims stands on adequate and independent state grounds that preclude the Court's review. There is no basis for habeas corpus relief and Grounds Two and Three must be denied.

## CONCLUSION

For the reasons set forth above, Petitioner Paul E. Torrey, II's claims are procedurally barred or without merit and will be denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is **DENIED.**

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
### IN FORMA PAUERIS DENIED

**IT IS FURTHER ORDERED** that Torrey is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Torrey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Torrey has not made the requisite showing in these circumstances.

Finally, because Torrey is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** this 28th day of July, 2015, at Tampa, Florida.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel/Parties of Record